27 N.J. Super. 427 (1953)
99 A.2d 534
DONMART MOTORS, INC., PLAINTIFF-APPELLANT,
v.
PUBLIC SERVICE ELECTRIC AND GAS COMPANY, DEFENDANT-RESPONDENT.
DIANA HOLDING CORP., PLAINTIFF-RESPONDENT,
v.
PUBLIC SERVICE ELECTRIC AND GAS COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued August 3, 1953.
Decided September 29, 1953.
*428 Before Judges BIGELOW, DANIEL J. BRENNAN and HUGHES.
Mr. Murray Greiman argued the cause for appellant.
Mr. Leo Rosenblum argued the cause for respondent Diana Holding Corp.
The opinion of the court was delivered by HUGHES, J.S.C. (temporarily assigned).
This is an appeal from two judgments entered in causes consolidated for trial in the Hudson County District Court. Two plaintiffs had sued the Public Service Electric and Gas Company for storage rental and garage space for the month of November 1952, and such tenant made no question of its liability *429 to one or the other of such claimants for the rent involved. It was for the purpose of determining the question of such liability that the suits were instituted, and after trial the learned judge of the district court entered judgment in favor of the defendant Public Service company in the action of Donmart Motors, Inc., the appellant here, and in favor of the plaintiff in the suit of Diana Holding Corp., the respondent here. These parties to the appeal will be referred to for brevity by the first words of their corporate names.
The facts were as follows:  On February 19, 1952, Diana owned the garage building and business at 871 Bergen Avenue in Jersey City, and on that date sold the good will of the business and leased the garage premises to Vaas, Inc., a New Jersey corporation, the stipulated rental being $4,000 a month. Vaas, Inc. sublet storage space to several, including the Public Service company. On October 17, 1952 Vaas was adjudged by the Chancery Division of the Superior Court to be insolvent and a statutory receiver was appointed. These proceedings were initiated on the complaint of Diana, there being owing to it by Vaas, Inc. the sum of $6,000, representing half the rent for September and the whole of the rent due for October. On October 23, 1952 an involuntary petition in bankruptcy was filed in the United States District Court by three creditors, not including Diana, and on October 24, 1952 a receiver in bankruptcy was appointed. On the same date Diana served on the receiver in bankruptcy a notice terminating such lease, effective October 31, 1952, under the bankruptcy clause of the lease.[1]
On October 31, 1952, in a proceeding before the bankruptcy referee, there was exposed for public sale the right, title and interest of the bankruptcy receiver in such lease. Diana's attorney was present at such proceeding and clearly informed *430 any intending purchasers, including the representative of Donmart, that Diana considered that the lease had been effectively terminated and that any purchaser would be buying an asset of illusory value. Nevertheless, Donmart (a stranger to the lease between Diana and Vaas, Inc., although one of the occupant tenants in the garage under Vaas, Inc.) bought such interest for $3,000. At midnight on October 31 the receiver surrendered his possession of the garage under orders of the bankruptcy court and Donmart took physical possession thereof and made timely demand for rent on the tenants. On November 1, 1952 Diana by written notice served a demand that Donmart deliver possession to it. Considering Donmart a mere trespasser, Diana likewise notified all tenants to pay their rent to it, Diana.
On November 5, 1952 Diana instituted a dispossess action against Donmart and the case was transferred to the Superior Court, Law Division, in Hudson County on Donmart's application. After trial, judgment was entered for Diana and on November 21, 1952 physical possession was delivered to Diana, which still retains it.
The learned judge of the district court, in entering judgment upholding Diana's position in the matter, regarded the sole question before him to be whether Diana, the owner of the building, had effectively terminated the lease by exercising its option under the nineteenth paragraph, holding that if it did then Donmart actually had no legal interest in the garage premises and no right to collect from the sub-tenants.
We agree that the lease was effectively terminated by the notice under paragraph nineteenth thereof, based upon the intervening insolvency of Vaas, Inc. It is contended by Donmart, however, that such termination was ineffective because under the seventeenth paragraph of the lease the tenant was entitled to 20 days' notice of any violations of the terms of the lease. We determine that such provision, having relation to a case of violation by the tenant of the covenants, agreements and conditions of the lease, does not limit the effect of paragraph nineteenth, which does not contain such *431 20-day notice provision, and accordingly determine that the notice of termination of the lease was entirely effective.
The main sense of Donmart's position on this appeal, however, deals with waiver on the part of Diana by its conduct in (a) instituting the proceedings in the Chancery Division which resulted in the adjudication of insolvency, and (b) by participating in and bidding at the bankruptcy sale of the receiver's interest in the lease. In a recent case, our Appellate Division has reaffirmed the general rule that any act done by a landlord, knowing of a right of forfeiture, which affirms the existence of a lease is a waiver of the right to enforce the forfeiture. Plassmeyer v. Brenta, 24 N.J. Super. 322 (App. Div. 1953). It seems clear to us, however, that the position of Diana has not varied at any time from its contention that the lease had been effectively terminated by the notice served by it on October 24, 1952 on the receiver in bankruptcy. The act of Diana's attorney in bidding on the sale of the receiver's interest was in protection of its own interest and, moreover, was of no disadvantage to, nor apt to mislead Donmart. Before any bidding was had in the proceeding of October 31, 1952 before the bankruptcy referee, a full and clear statement was made by the attorney for Diana as to its position in the matter, namely, that the lease had been terminated effectively under the nineteenth paragraph, and that any interest of the receiver being sold was consequently of dubious value. We think all of the circumstances in the case negate the possibility of waiver on the part of Diana and, accordingly, determine that the judgments below were rightly entered on the basis that Donmart had no claim for rent against the Public Service company and that the judgment entered against it on behalf of Diana was correct.
The judgments under appeal are affirmed.
NOTES
[1] "Nineteenth  It is further agreed that if at any time during the term of this lease the Tenant shall * * * be decreed insolvent or bankrupt according to law, or if a receiver shall be appointed for the Tenant, then the Landlord may, at its option, terminate this lease, exercise of such option to be evidenced by notice to that effect served upon the assignee, receiver, trustee or other person in charge of the liquidation of the property of the Tenant * * *."